**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| THOMAS P. IBANEZ, | DOCKET NUMBER |
| Appellant, | DE-0752-21-0104-I-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE, | DATE: April 18, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thomas P. Ibanez, Clearfield, Utah, pro se.

Darrin K. Johns, Hill AFB, Utah, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal from Federal service. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency employed the appellant as a Maintenance Mechanic until his removal from Federal service based on charges of illicit drug use, violation of agreement for "Safe Haven," and lack of candor. Initial Appeal File (IAF), Tab 4 at 16-17, 37-39. After a hearing, the administrative judge upheld the three charges, found that the appellant failed to prove his affirmative defense of harmful procedural error regarding his claim that the agency violated an Executive Order concerning a drug-free workplace, and found that the penalty of removal was reasonable. IAF, Tab 29, Initial Decision. The appellant has filed a petition for review of the initial decision, asserting that he was prejudiced in his ability to file prehearing submissions because his lawyer withdrew shortly before the deadline, that the agency erroneously treated him as a "non-bargaining member," and that he was provided misinformation before the hearing. Petition for Review (PFR) File, Tab 1 at 9-10. His petition for review contains over 300 pages of attachments. *Id.* at 12-353. The agency has filed an opposition, and the appellant has filed a reply, wherein he made several additional arguments. PFR File, Tabs 4-5.

The Board generally will not consider new evidence or argument submitted for the first time with a petition for review absent a showing that it was

unavailable before the record closed despite due diligence. *See* 5 C.F.R. § 1201.115(d). Many of the documents attached to the appellant's petition for review are already included in the record and are not new. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (holding that evidence that is already part of the record is not new). The appellant has not asserted that the remaining documents were unavailable before the record closed despite his due diligence, and therefore, we do not consider them. *See* 5 C.F.R. § 1201.115(d). Although the appellant asserts that his attorney's withdrawal resulted in his inability to submit the documents in accordance with the deadline for prehearing submissions, he has not asserted that he himself was unaware of the deadline and he has not explained why he did not seek leave to file the documents after the missed deadline. PFR File, Tab 1 at 9; *see Buckser v. Environmental Protection Agency*, 45 M.S.P.R. 274, 278 (1990) (stating that an appellant's assertions that his attorney withdrew prior to a filing deadline did not establish good cause for the late filing because he did not explain why he did not himself file before the deadline expired). To the extent the appellant asserts that he missed the filing deadline due to misinformation or "contradicting instructions" from the administrative judge, he has not explained the basis of these claims in his petition for review, and we find that the administrative judge properly advised the appellant of his burden to establish good cause for the late submission of documents or evidence but that the appellant did not avail himself of that opportunity by filing a motion. PFR File, Tab 1 at 9-10; IAF, Tab 24 at 8.

Finally, the appellant asserts that the agency failed to properly treat him as a bargaining unit employee and may have denied him certain procedures. PFR File, Tab 1 at 10-11. Though the appellant did not explain the basis of this claim in his petition for review, his reply to the agency's response to his petition for review appears to assert that the agency should have applied the 2018 Air Force

Instructions to his disciplinary action instead of the 1994 Air Force Instructions.[2] PFR File, Tab 5 at 4. He appears to claim that the agency failed to follow several provisions of the 2018 instructions. *Id.* at 4-6. The appellant did not assert, and we do not find any evidence in the record, that he timely raised this claim before the administrative judge. In any event, none of the cited provisions provide a basis to disturb the findings in the initial decision.

The appellant makes additional arguments for the first time in his reply to the petition for review, including that he was prejudiced in his ability to present documents at the hearing because of his lack of competence in navigating the Board's e-Appeal system and because the administrative judge did not allow him to "reference the prehearing video," and that a "Clinical Medical Institution" violated his rights under the Health Insurance Portability and Accountability Act and the Freedom of Information Act. *Id.* at 4-8. He also appears to challenge the credibility of the agency's witnesses.[3] *Id.* at 6. The appellant has not asserted that these arguments are based on new and material evidence not previously available despite due diligence. *See Hodges v. Office of Personnel Management*, 101 M.S.P.R. 212, ¶ 7 (2006) (stating that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence that was not previously available despite the party's due diligence); 5 C.F.R. § 1201.114(a)(4) (stating that a reply is limited to issues raised by another party in the response to the petition for review and may not raise new allegations of error). In any event, nothing in the

_____

[2] An agency official testified at the hearing that the 1994 Air Force Instructions were applied because the appellant's bargaining unit had not approved the 2018 Air Force Instructions. Hearing Recording (testimony of J.K.).

[3] The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).

appellant's reply provides a basis to disturb the initial decision, and we therefore affirm it.

### NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                      _____
                                    Gina K. Grippando
                                    Clerk of the Board

Washington, D.C.